

U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS

**ENTERED**
TAWANA C. MARSHALL, CLERK
THE DATE OF ENTRY IS
ON THE COURT'S DOCKET

**The following constitutes the ruling of the court and has the force and effect therein described.**

_____
**United States Bankruptcy Judge**

**Signed September 14, 2011**

---

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **In re:** | § | **Case No 10-38592-SGJ-11** |
| | § | |
| **AMERISOUTH V, L.P.,** | § | |
| | § | |
| **Debtor.** | § | |

### FINDINGS OF FACT AND CONCLUSIONS OF LAW
### REGARDING CONFIRMATION OF
### AMENDED PLAN OF REORGANIZATION, AS MODIFIED

Came on to be considered this 30th and 31st day of August, 2011, the confirmation hearing with regard to the *Amended Plan of Reorganization* [Docket No. 91], filed by Amerisouth V, L.P. (the "**Debtor**") on May 24, 2011, as modified by (1) the *Modifications to Debtor's Amended Plan of Reorganization* [Docket No. 119] filed on July 19, 2011; (2) the modifications described in the *Supplement to Motion for Determination That Plan Modifications Do Not Adversely Affect Any Accepting Creditor That Has Not Accepted the Modifications in*

*Writing and Filing of Supplemental Plan Exhibit and to Modifications to Debtor's Amended Plan of Reorganization* [Docket No. 122], filed on July 20, 2011; (3) the *Amended Modifications to Debtor's Amended Plan of Reorganization* [Docket No. 143] filed on August 29, 2011 and (4) the *Corrected Amended Modifications to Debtor's Amended Plan of Reorganization* [Docket No. 149] filed on August 31, 2011 (collectively, the "**Plan Modifications**" and together with the Amended Plan of Reorganization, the "**Pre-Confirmation Plan**"). The Court, at the conclusion of the confirmation hearing, required that the Pre-Confirmation Plan be changed. The Debtor has made those changes to the Pre-Confirmation Plan, and it has filed its Final Plan of Reorganization [Docket No. 154] (the "**Final Plan**") as an exhibit to Confirmation Order reflecting those changes. The following Findings of Fact and Conclusions of Law are entered pursuant to Federal Rules of Bankruptcy Procedure 9052 and 9014 in support of the confirmation of the Final Plan. Such findings may be characterized as conclusions or conclusions as findings, where appropriate.

## FINDINGS OF FACT

1. **Due and Sufficient Notice**. Notice of the Confirmation Hearing was appropriate and complied in all respects with Bankruptcy Rule 2002(b).

2. **Plan Compliance - Bankruptcy Code Section 1129(a)(1)**. The Final Plan complies with the applicable provisions of the Bankruptcy Code and Bankruptcy Rules.

3. **Proponent Compliance - Bankruptcy Code Section 1129(a)(2)**. The Debtor has complied with the applicable provisions of the Bankruptcy Code.

4. **Good Faith - Bankruptcy Code Section 1129(a)(3)**. The Final Plan has been proposed in good faith under Bankruptcy Code Section 1129(a)(3) by the Debtor and not by any

means forbidden by law and the Debtor is entitled to the protections of Bankruptcy Code Section 1125(e).

5. **Payments - Bankruptcy Code Section 1129(a)(4)**. Payments made or to be made by the Debtor for services or for costs and expenses in or in connection with the Final Plan or case have been approved by or are subject to the approval of this Court.

6. **Disclosures - Bankruptcy Code Section 1129(a)(5)**. The Debtor has disclosed identities and affiliations of all persons to act hereinafter as officers or directors of the Debtor.

7. **No Rate Change Jurisdiction - Bankruptcy Code Section 1129(a)(6)**. No governmentally regulated rates are involved in these cases.

8. **Best Interests of Creditors - Bankruptcy Code Section 1129(a)(7)**. With respect to the impaired classes of claims or interests, all holders of a claim or interest of such classes have accepted the Final Plan or will receive or retain under the Final Plan on account of such claim or interest property of a value, as of the Effective Date of the Plan, that is not less than the amount that such holder would receive or retain if the Debtor was liquidated under Chapter 7 of the Bankruptcy Code on such date.

9. **Acceptance of the Plan - Bankruptcy Code Section 1129(a)(8)**. The classes have voted to accept or reject the plan as follows:

    a. Classes 4[1] and 5 are impaired and have voted to accept the Final Plan.

    b. Class 1 is impaired and has voted to reject the Final Plan.

    c. Class 3 is unimpaired and is deemed to accept the Final Plan.

    d. Class 6 is impaired and is deemed to reject the Final Plan

---

[1] Class 4 counts and includes unsecured portions of claims in class 1 and all of class 2.

10. **Priority Claims - Bankruptcy Code Section 1129(a)(9)**. Claims entitled to priority under Bankruptcy Code Section 507(a)(1)-(7) will be paid in accordance with the Bankruptcy Code or as per the agreed to provisions of the Final Plan.

11. **Class Acceptance - Bankruptcy Code Section 1129(a)(10)**. At least one class of claims that is impaired under the Final Plan has accepted the Final Plan, determined without including any acceptance of the Final Plan by any insider.

12. **Feasibility - Bankruptcy Code Section 1129(a)(11)**. The Final Plan is feasible and confirmation of the Final Plan is not likely to be followed by the liquidation, or need for further financial reorganization by the Debtor.

13. **Fees - Bankruptcy Code Section 1129(a)(12)**. All fees payable under 28 U.S.C. § 1930 have been paid or the Final Plan provided for the payment of such fees on the Plan Closing Date.

14. **Retiree Benefits - Bankruptcy Code Section 1129(a)(13)**. There are no retiree benefits involved in this case.

15. **Non Applicability - Bankruptcy Code Section 1129(a)(14), (15)**. Neither Bankruptcy Code Section 1129(a)(14) nor (15) are applicable to the Debtor.

16. **Transfer of Property - Bankruptcy Code Section 1129(a)(16)**. Any transfer required under the Final Plan meets the requirements of Section 1129(a)(16).

17. **Assumption or Rejection of Executory Contracts and Unexpired Leases**. The Debtor has shown that the assumption or rejection of executory contracts and unexpired leases set forth in the Final Plan were made in accordance with the sound exercise of the Debtor's business judgment.

18. **Secured Creditor Cramdown Requirements – Bankruptcy Code Section 1129(b)(2)(A)**. The treatment provided to secured creditors under the Final Plan is fair and equitable and meets the cramdown requirements of Bankruptcy Code Section 1129(b)(2)(A).

19. **Unsecured Creditor Cramdown Requirements – Bankruptcy Code Section 1129(b)(2)(B)**. Because the unsecured creditor classes (classes 4 and 5) accepted the Final Plan, there are no cramdown issues in this case under Bankruptcy Code Section 1129(b)(2)(B).

20. **Issuance of *Seatco* Plan Injunction**. The testimony adduced at the confirmation hearing, with regard to contributions of time, money and effort by Ruel Hamilton towards the completion of the requirements of the Final Plan meets all of the requirements necessary for this Court to enter the injunctive relief requested in Plan Section 3.10 of the Final Plan.

### CONCLUSIONS OF LAW

1. The Court has jurisdiction over this matter as a core proceeding pursuant to 28 U.S.C. § 157 (b)(2)(A)-(L), and (O).

2. The Final Plan complies with all of the applicable provisions of Title 11 of the United States Bankruptcy Code.

3. The Debtor has complied with the applicable provisions of the Bankruptcy Code in proposing the Final Plan.

4. These findings and conclusions supplement those made by the Court on the record at the conclusion of the confirmation hearing.

# # # END OF ORDER # # #

## FINAL PLAN FILED AS DOCKET NO. 154

**SUBMITTED BY:**

E. P. Keiffer (SBN 11181700)
Shane A. Lynch (SBN 24065656)
WRIGHT GINSBERG BRUSILOW P.C.
325 N. St. Paul Street, Suite 4150
Dallas, TX 75201
(214) 651-6500
(214) 744-2615 fax
pkeiffer@wgblawfirm.com

ATTORNEYS FOR THE DEBTOR